**Scott J. BRODIE, Dr., Appellant**

v.

**Eric D. HARGAN, in his official capacity as Acting Secretary of Health and Human Services, et al., Appellees**

No. 16-5238

September Term, 2017

United States Court of Appeals,
District of Columbia Circuit.

Filed: 11/27/2017

Michael R. Schneider, Good Schneider Cormier & Fried, Boston, MA, John Hardin Young, Attorney, Sandler Reiff Young & Lamb, PC, Washington, DC, for Plaintiff-Appellant

R. Craig Lawrence, Jeremy Scott Simon, U.S. Attorney's Office, (USA) Civil Division, for Defendants-Appellees

Before: Garland, Chief Judge, Pillard, Circuit Judge, and Sentelle, Senior Circuit Judge.

**JUDGMENT**

Per Curiam

This petition for review was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R.34(j). The court has accorded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d).It is

**ORDERED AND ADJUDGED** that the appeal be dismissed because the appellant's claims are "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit." *CREW v. Office of Admin.*, 566 F.3d 219, 226 (D.C. Cir. 2009) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

In 2010, the Department of Health and Human Services barred Brodie, a molecular pathologist, from receiving federal grants for seven years. That debarment followed proceedings before an administrative law judge, during which Brodie was represented by counsel and afforded discovery. The debarring official accepted the ALJ's recommendation of a term of debarment for publishing or attempting to publish fabricated medical research.

As the district court here noted, this case represents Brodie's third attempt to challenge his debarment, and it presents no new legal theory that Brodie did not or could not have raised in prior litigation. *See Brodie v. Burwell*, No. 15-cv-322, 2016 WL 3248197, at *1 (D.D.C. June 13, 2016). Instead, as the district court also observed, it simply repackages allegations rejected in *Brodie v. Department of Health & Human Services*, 951 F.Supp.2d 108 (D.D.C. 2013), *aff'd*, No. 13-5227, 2014 WL 211222 (D.C. Cir. Jan. 10, 2014)—a case that, in turn, found Brodie's suit precluded by *Brodie v. Department of Health & Human Services*, 796 F.Supp.2d 145 (D.D.C. 2011).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R.41.